Shaw v. Goben.

GEORGE SHAW, Appellant, v. G. A. GOBEN et al., Respondents.

Kansas City Court of Appeals, November 25, 1912.

1. **STREET PAVING: Equitable Owner: Protest.** One who has an equitable title to his property abutting on a street to be paved, by having a contract therefor, having paid part of the purchase price and taken possession, is a property holder within the meaning of the statute as to the majority protesting against the improvement.

2. ———: ———: ———: **Resident.** One who removes from a city to the country and resides there with his family, and votes there, though intending to return if conditions get better, is not a resident of the city.

3. ———: ———: ———: ———: **Voter: Resolution.** One, to be a qualified property owner to protest against a street improvement, need not be a voter, but he must have resided in the city at the date the resolution for the improvement is passed.

Appeal from Adair Circuit Court.—*Hon. N. M. Pettingill*, Special Judge.

AFFIRMED.

*Higbee & Mills* for appellant.

*Chas. E. Murrell, Smoot & Cooley* and *A. Doneghy* for respondents.

ELLISON, J.—This proceeding is by injunction whereby plaintiff, a citizen of Kirksville, seeks to enjoin the city authorities from letting a contract for paving a certain street therein. A temporary injunction was granted, which afterwards, at the hearing of the case, was dissolved and plaintiff appealed.

It appears that the paving was regularly proposed by proper resolution and the city council having found that a majority of the citizens owning property abutting the street had not protested, passed an

ordinance directing the letting of a contract for paving. It is provided by statute (Sec. 9255, R. S. 1909) that "if a majority of the resident owners of the property, liable to taxation therefor, at the date of the passage of such resolution, who shall own a majority of the front feet owned by residents of the city abutting on the street, avenue or alley proposed to be improved, shall not, within ten days thereafter, file with the city clerk their protest against such improvements, then the council shall have power to cause a contract for said work to be let to the lowest and best bidder."

A protest was filed and the question is, did it contain a majority of the resident owners of property who own a majority of front feet owned by residents of the city. The contest is over the qualifications of two men, Webster and Vice. The former signed the protest and defendants claim he was not a qualified signer by reason of not being a resident of Kirksville, as required by the statute. Vice was conceded to be a resident, but plaintiff claims that he was not a property owner and therefore should not be counted in determining whether the protest was signed by a majority of property owners. Either of these questions being determined in favor of defendants' view, affirms the judgment.

The evidence showed that Vice did not have a deed to the property which it is claimed made him a property owner. But it showed that he had a contract for the property and had taken possession and was living thereon and had paid $1000 in part payment of the purchase price and had been offered a deed which was returned for correction, and owing to the fact that there were many joint owners he had not yet received it. We think him a property owner and that he was properly counted as such by the city council. He was the equitable owner and could have compelled the execution of a deed upon tender of

balance of purchase money.   [22 Am. & Eng. Ency. Law, 925.]

The evidence showed that Webster was formerly a citizen of Kirksville and that two or three years prior to signing this protest he moved with his family to a farm several miles in the country.   He voted there at a primary election.   He was assessed and paid his taxes there; and there sent his children to the public school.   He stated, however, that he intended to return to Kirksville if conditions got better.   Residence, as well as citizenship, is largely a question of intention, but one cannot overturn an accomplished fact by the mere assertion of a contrary intention.   [Lankford v. Gebhart, 130 Mo. 621, 638.]   A man who voluntarily and purposely does a thing will not be believed when he says that he did not intend to do it.   Acts speak louder than words.   So while Webster was residing with his family outside of Kirksville, he was not residing inside that place.

But it was shown that he moved with his family back to Kirksville on the 23d of November, 1911, intending to remain and become a citizen.   On that day, though not yet a citizen qualified to vote, he became a resident qualified to sign a remonstrance within the meaning of the statute.   But the resolution was passed more than two weeks before his return to Kirksville. The statute requires that to be qualified to sign a protest, he must be a resident at the time the resolution is passed.

We do not think the first point of objection to the judgment made in plaintiff's brief, as well as other objections, are well taken.

The foregoing considerations affirm the judgment. All concur.